UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| ERIC ALAN DODD, | |
|---|---|
| Plaintiff, | CIVIL ACTION NO. 1:15-CV-01088 |
| v. | (RAMBO, J.)<br>(MEHALCHICK, M.J.) |
| DOMINICK DEROSE, | |
| Defendant. | |

**MEMORANDUM**

This case comes before the Court for a statutorily mandated screening review. Plaintiff Eric Alan Dodd, proceeding *pro se*, filed this federal civil rights action on June 3, 2015. (Doc. 1). At the time of filing, Dodd was being detained at the Dauphin County Prison pending trial on a charge of retail theft.[1]

## I. SECTION 1915A STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Department of Corr.*, 230 Fed. App'x. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions

---

[1] Because this Court is currently unable to discern the nature of Plaintiff's claims, as described more fully herein, the Court will defer ruling on Plaintiff's pending motion to proceed *in forma pauperis* (Doc. 5), until such time as Plaintiff has had the opportunity to file either an amended complaint or a petition for writ of habeas corpus.

brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519,

526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II. P<small>ROCEDURAL</small> H<small>ISTORY</small>/B<small>ACKGROUND</small>

On June 3, 2015, *pro se* Plaintiff Eric Alan Dodd filed a federal civil rights complaint with this Court. (Doc. 1). In his complaint, Dodd alleges the following:

> Plaintiff was charged, arrested, and placed in Dauphin County Prison on 8/18/14 for one (1) count of retail theft. A Pennsylvania parole detainer was placed on Plaintiff because of the arrest. Plaintiff was granted ($10,000) unsecured bail. Because the Plaintiff was to be transferred back to state prison on the parole detainer the bail was amended to $10,000 unsecured. Plaintiff was placed in state custody. Shortly thereafter, a writ was issued by the Common Plea[s] Court of Dauphin County for court proceedings on the retail theft charge. In turn[,] Plaintiff has been detained in the Dauphin County Prison since December 16, 2014 to this current date awaiting trial. There ha[ve] been three (3) delays since the initial scheduling for trial. . . . These continuances have been non-identifiable by the court to the Plaintiff, nor reason(s) entered into the record.

(Doc. 1, at 2-3).

While Dodd filed the instant action on the "Form to Be Used By a Prisoner in Filing a Civil Rights Complaint," he expressly requests that a "writ of habeas corpus issue." (Doc. 1, at 3). Further, he seeks "preliminary injunctive relief" in the form of a transfer "back to the bail surety (state custody) while awaiting trial." (Doc. 1, at 3).

### III. DISCUSSION

The Court must dismiss this case because it is not entirely clear what Plaintiff is seeking. It appears that Plaintiff requests release from pretrial detention or a transfer to a state institution while awaiting trial.[2] To the extent Plaintiff seeks money damages based on any alleged constitutional deficiencies surrounding his arrest and confinement, he will be permitted to correct the deficiencies through an amended complaint that is complete in all respects. However, to the extent Plaintiff seeks release from detention, he "cannot seek release by

---

[2] To the extent that Dodd contests the situs of his detention, a pretrial detainee does not have a right to be housed at a facility of his choice. While the Third Circuit has held that a pretrial detainee must be given notice of a proposed transfer and an opportunity to be heard to oppose the transfer in accordance with the Sixth and Fourteenth Amendments, the proposition of law is not implicated in the instant matter, as Dodd appears to challenge the denial of his petition to be transferred to a state facility pending trial. *Cobb v. Aytch*, 643 F.2d 946, 962 (3d Cir. 1981).

bringing a civil rights complaint under 42 U.S.C. § 1983. Release from state pretrial detention is only available through a habeas proceeding." *Harris v. Cnty. of Atl.*, No. 15CV574 RMB, 2015 WL 715781, at *1 (D.N.J. Feb. 19, 2015) (citing *Wallace v. Fegan,* 455 F. App'x. 137 (3d Cir. 2011)).Indeed, because Plaintiff is a pretrial detainee, the avenue to seek release from continued detention by this Court lies, not through a federal civil rights lawsuit, but through the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Robertson v. Allegheny Court of Common Pleas,* Civil Action No. 12–1080, 2012 WL 4712034, at *2 (W.D. Pa. Aug. 22, 2013) ("When an individual is in state custody for reasons other than a judgment of a state court, such as in pretrial detention, a petition for a writ of habeas corpus is properly brought pursuant to 28 U.S.C. § 2241.") (citing *Moore v. DeYoung,* 515 F.2d 437, 441–43 (3d Cir. 1975)).[3]

### IV. CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed without prejudice to him submitting, within thirty (30) days following entry of this Memorandum and Order, an amended complaint in accordance with Rule 8(d)(1) of the Federal Rules of Civil Procedure, if he chooses to do so. The amended complaint must be a pleading that stands by itself without

---

[3] However, Dodd should be aware that exacting substantive and procedural benchmarks must be met in order to obtain habeas corpus relief. Indeed, before the Court will consider a state pretrial detainee's habeas claims, the pretrial detainee must first exhaust his state court remedies. This would require Dodd to present his federal constitutional claims to the state courts prior to proceeding in federal court. *Lines v. Larkin,* 208 F.3d 153, 159 (3d Cir.2000). "If a habeas claim is unexhausted, a federal habeas court will typically dismiss the claim without prejudice, to allow the petitioner to first exhaust his claims in state court." *Harris,* 2015 WL 715781, at *2; *see also Younger v. Harris,* 401 U.S. 37 (1981) (holding that when state court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances."). In light of this well-settled principle, Dodd may wish to exhaust his state remedies prior to filing a separate petition for habeas if he intends to pursue this form of relief.

reference to his original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint must establish the existence of actions taken by the Defendants which have resulted in constitutional deprivations. It must specify which actions are alleged as to which Defendants. Further, the amended complaint should be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all named Defendants and claims. The Court will defer consideration of the application to proceed *in forma pauperis* pending the filing of an amended complaint.

However, in the event that Plaintiff elects to file a petition for writ of habeas corpus under 28 U.S.C. § 2241, he shall submit, in an entirely separate action, a properly executed application to proceed *in forma pauperis*, together with his petition for writ of habeas corpus under 28 U.S.C. § 2241.

An appropriate order will follow.

**BY THE COURT:**

**Dated: August 25, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**