UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ALAN DODD,<br><br>                Plaintiff,<br><br>v.<br><br>DOMINICK DEROSE,<br><br>                Defendant. | CIVIL ACTION NO. 1:15-CV-01088<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT & RECOMMENDATION**

Plaintiff Eric Alan Dodd, proceeding *pro se*, filed this federal civil rights action on June 3, 2015. (Doc. 1). At the time of filing, Dodd was being detained at the Dauphin County Prison pending trial on a charge of retail theft. In conducting its statutorily-mandated screening review, the Court dismissed the complaint for failure to state a claim, but granted Plaintiff leave to file an amended complaint or alternatively, a petition for writ of habeas corpus. (Doc. 11). Additionally, because the Court was unable to discern the nature of Plaintiff's claims, it deferred ruling on Plaintiff's pending motion to proceed *in forma pauperis* until such time as Plaintiff filed either an amended complaint or a habeas petition.

Plaintiff has since filed an amended complaint. (Doc. 15; Doc. 16). For the reasons provided herein, it is recommended that Plaintiff's complaint be dismissed with prejudice.

**I. SECTION 1915A STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Department of Corr.*, 230 Fed. App'x. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a

claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.
> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has

not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## II. PROCEDURAL HISTORY/BACKGROUND

On June 3, 2015, *pro se* Plaintiff Eric Alan Dodd filed a federal civil rights complaint with this Court. (Doc. 1). In his complaint, Dodd alleged the following:

> Plaintiff was charged, arrested, and placed in Dauphin County Prison on 8/18/14 for one (1) count of retail theft. A Pennsylvania parole detainer was placed on Plaintiff because of the arrest. Plaintiff was granted ($10,000) unsecured bail. Because the Plaintiff was to be transferred back to state prison on the parole detainer the bail was amended to $10,000 unsecured. Plaintiff was placed in state custody. Shortly thereafter, a writ was issued by the Common Plea[s] Court of Dauphin County for court proceedings on the retail theft charge. In turn[,] Plaintiff has been detained in the Dauphin County Prison since December 16, 2014 to this current date awaiting trial. There ha[ve] been three (3) delays since the initial scheduling for trial. . . . These continuances have been non-identifiable by the court to the Plaintiff, nor reason(s) entered into the record.
> (Doc. 1, at 2-3).

While Dodd filed the instant action on the "Form to Be Used By a Prisoner in Filing a Civil Rights Complaint," he expressly requested that a "writ of habeas corpus issue." (Doc. 1, at 3). Further, he sought "preliminary injunctive relief" in the form of a transfer "back to the bail surety (state custody) while awaiting trial." (Doc. 1, at 3). In conducting its initial screening of the complaint, the Court dismissed Plaintiff's complaint because it was not entirely clear whether Plaintiff was seeking habeas relief or money damages. (Doc. 11). However, the Court granted Plaintiff thirty (30) days to file an amended complaint or alternatively, a writ of habeas corpus. (Doc. 11). On September 2, 2015, Plaintiff filed a motion to amend his complaint, which contained a number of additional allegations. (Doc. 15). On September 4, 2015, Plaintiff filed a one-page amended complaint wherein he requested that the additional claims be "attached" to the original complaint. In his motion to amend and in his one-page amended complaint, Plaintiff seeks compensatory and punitive damages against the above-captioned Defendant on the basis that he has been "deprived of his constitutional rights to enjoy the liberties of bail by defendant's continued adherence to the order to detain Plaintiff in the

Dauphin County Prison." (Doc. 16, at 1). He further claims that he has been detained in the Dauphin County Prison for a total of 259 days in violation of his "right to a speedy trial (PA. Crim. Rule[ ] 600)." (Doc. 16, at 1).[1] As a result of his detention, Plaintiff alleges that he has been denied access to the institutional drug treatment programs offered to Pennsylvania state inmates. (Doc. 16, at 1).

### III. DISCUSSION

Plaintiff appears to contend that the parole detainer lodged against him has deprived him of his right to post bail and to gain his liberty pending disposition of his outstanding criminal charges in violation of the Eighth Amendment.[2]

Admission to bail in a pretrial context implicates several important interests, including an assurance that the accused will not be subjected to punishment prior to conviction and will have an unhampered opportunity to assist in the preparation of his defense. *Burgess v. Roth*, 387 F. Supp. 1155, 1162 (E.D. Pa. 1975) (citing *Stack v. Boyle*, 342 U.S. 1, 4 (1951)). However:

> These interests . . . are no longer relevant when a parole violation detainer is lodged against a parolee. The parolee has had an opportunity to assist in the preparation of his criminal defense. He is no longer presumed innocent of the original criminal charges filed against him. He has, in fact, been convicted of those charges. This is a fundamental distinction from the pre-trial stage which in our view renders the Eighth Amendment inapplicable.
> *Burgess*, 387 F. Supp. at 1162 (citations omitted).

---

[1] To the extent that Plaintiff reiterates his claim for release from continued detention, this Court lacks jurisdiction to consider such a claim, as the avenue to pursue release lies not through a federal civil rights lawsuit, but through the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Accordingly, the Court will not consider this claim.

[2] Plaintiff also claims that the detainer, which prevents him from posting bail, amounts to "cruel and unusual punishment" in violation of the Eighth Amendment. However, this claim lacks merit, as "[i]mprisonment itself is clearly not cruel and unusual punishment." *Lee v. Pennsylvania Bd. of Prob. & Parole*, 467 F. Supp. 1043, 1046 (E.D. Pa. 1979) (quoting *Howard v. Maggio*, 540 F.2d 1280, 1282 (5th Cir. 1976)).

Here, Plaintiff's claim lacks merit, as he "'no longer enjoys [a] presumption of innocence and has no constitutional right to bail.' . . . [P]laintiff's status as a parolee [ ] causes him to be subject to fundamentally different treatment than that which the Constitution guarantees to a person accused of a crime in the first instance." *Lee*, 467 F. Supp. at 1046 (quoting *Galante v. Warden, Metropolitan Cor. Ctr.*, 573 F.2d 707, 708 (2d Cir. 1977)). The issuance of a rightful detainer, as appears to be the case here, is an independent state ground upon which his confinement is predicated. It, alone, does not raise a constitutional issue as to the denial of bail. *Burgess*, 387 F. Supp. at 1162 (citing *Tunnell v. Wiley*, 369 F. Supp. 1260, 1265 n. 7 (E.D. Pa. 1973)) (citation omitted). Accordingly, it is recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 28 U.S.C. § 1915A(b)(1).

## IV. PLRA "THREE STRIKES" WARNING

The Plaintiff is hereby notified that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If this recommended disposition is adopted by the presiding United States District Judge, the dismissal of this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and 28 U.S.C. § 1915A(b)(1) will constitute a "strike" under 28 U.S.C. § 1915(g), and the accumulation of additional strikes may bar Plaintiff from proceeding *in forma pauperis* in later cases absent a showing of imminent danger. *See generally Byrd v. Shannon*, 715 F.3d 117, 126 (3d

Cir. 2013) (articulating Third Circuit standard for application of § 1915(g) "three strikes" rule).

I. **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Plaintiff's Motion to Amend/Correct (Doc. 15) be **GRANTED**;

2. Plaintiff's complaint, as amended, (Doc. 1, Doc. 15, Doc. 16), be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted; and

3. The Clerk be directed to **CLOSE** this case.

**BY THE COURT:**

**Dated: September 28, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC ALAN DODD, <br><br> Plaintiff, <br><br> v. <br><br> DOMINICK DEROSE, <br><br> Defendant. | CIVIL ACTION NO. 1:15-CV-01088 <br><br> (RAMBO, J.) <br> (MEHALCHICK, M.J.) |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 28, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: September 28, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**